## No. C-503

### Abe R. Cohen and Henry A. Binkley v. Power Investment Co., a partnership

(532 P.2d 731)

Decided March 10, 1975.

Berenbaum, Berenbarum & Susman, Stephen T. Susman, for petitioners.

West and Weaver, P.C., Gerald P. McDermott, for respondent.

*En Banc.*

MR. JUSTICE HODGES delivered the opinion of the Court.

Respondent-landlord brought suit in Adams County Court to evict lessees Cohen and Binkley, alleging that they had made substantial alterations in his property, and had thereby breached the terms of their lease. The county court ruled that the petitioners Cohen and Binkley had breached the lease, and, on appeal the district court affirmed. We granted certiorari, and now affirm.

Petitioners entered into a ten-year lease in June 1970 for the possession of a building and property. The lease bound the lessees not to ". . . make any alterations or change in, upon, or about said premises without first obtaining written consent therefor . . ." Petitioners' rabbit-slaughtering business proved unsuccessful, and they began searching for a subtenant. In April of 1973, petitioners entered into an understanding with Alex Roth who agreed to sublet the property if alerations were made. Roth intended to use the property for a beef-boning operation.

Petitioners began making numerous alterations to accommodate Roth's intended use of the property. However, before the alterations were completed, the respondent-landlord discovered the changes being made to his property, and brought suit in the county court which granted judgment for the landlord and ruled: "[t]hat no single change or alteration taken individually was sub-

stantial, but when taking the changes or alterations as a whole, they were material and substantial and were of such character as to require the written consent of the landlord.''

On the basis of *Zelinger v. Plisek,* 162 Colo. 490, 426 P.2d 957 (1967), the district court, on appeal from the judgment of the county court, affirmed the cancellation of the lease.

In *Zelinger,* we ruled in a similar lessor-lessee situation with reference to the language of the lease that:

''. . . the terms 'alteration' and 'change' are construed to mean any alteration or change which substitutes or varies one thing from one form or state to another; which changes or substitutes in a substantial particular any part of a building; which materially and substantially changes the basic structures; or which varies the structural quality.''

This *Zelinger* ruling protects a lessor from having his property substantially altered without his consent while the lessee is in possession. In light of this purpose, we hold that the cumulative effect of numerous alterations can amount to a material and substantial change.

The county court finding as to the materiality and substantiality of alterations and changes involved here was not erroneous, and in our view, the evidence supported such a finding. Because of the character of the changes, the landlord's consent was required under the provisions of the lease. The county court therefore properly entered judgment in favor of the respondent landlord, and on appeal, the district court correctly affirmed that judgment.

The judgment is affirmed.

MR. CHIEF JUSTICE PRINGLE does not participate.